UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA LANGRIDGE,<br><br>        Plaintiff,<br><br>    v.<br><br>U.S. ROCHE HEALTH AND WELFARE<br>BENEFITS VEBA PLAN,<br><br>        Defendant. | Case No.  15-cv-04235-VC<br><br>**ORDER RE STANDARD OF REVIEW**<br>Re: Dkt. No. 28 |

The defendant has failed to overcome the default presumption that a de novo standard of review applies in ERISA denial-of-benefits cases. *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989).  The Genentech benefits plan didn't vest the *claims* administrator – the entity that actually denied Langridge's claim – with discretion to interpret the plan's terms.  The plan vested the *plan* administrator with that power, and the plan administrator never properly delegated it.  Taylor Decl., Ex. A (Dkt. 28-2) at 73-74; *cf. Shane v. Albertson's Inc.*, 504 F.3d 1166, 1170 (9th Cir. 2007).  The defendant points to a provision in the plan description requiring claimants to "submit requested proof of continuing Disability . . . satisfactory to the Claims Administrator within the time period specified by the Claims Administrator."  Supp. Taylor Decl., Ex. A (Dkt. 32-2) at 1358.  But this suggests a delegation of administrative discretion – the limited authority to decide what records are acceptable, or to set a quantum of proof – rather than the broader power to interpret the plan's terms.  *See Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1089 (9th Cir. 1999).  And in any event, ERISA requires more than an implication to displace de novo review.

**IT IS SO ORDERED.**

Dated:  November 2, 2016

_____
VINCE CHHABRIA
United States District Judge